OPINION OF THE COURT
Walter M. Schackman, J.
Plaintiff Steven M. Israel moves for an order preliminarily enjoining the defendants Merrill Lynch Equity Management, Inc. (sic) (Merrill Lynch Credit Corp.) (Merrill Lynch) and YRH Owners Corporation (YRH Owners) from selling or foreclosing on plaintiff’s cooperative apartment. Merrill Lynch cross-moves for an order pursuant to CPLR 3211 (a) (8) dismissing the complaint on the ground that the court does not have jurisdiction of the person of the defendant.
Israel is the owner of a certain cooperative apartment in a building located at 1175 York Avenue, Manhattan. Merrill Lynch is the mortgagee and the defendant YRH Owners is the cooperative housing corporation. The plaintiff alleges that the apartment has suffered water damage as the result of a leak. Israel did not make certain monthly maintenance payments to YRH Owners because of YRH Owners’ failure to remedy the leak. Merrill Lynch has exercised its contractual right to pay the maintenance arrears in order to protect its collateral.
The complaint alleges that YRH Owners has breached the lease, breached the warranty of habitability and committed fraud. The complaint also alleges that Merrill Lynch has breached the note and security agreement by failing to give proper notice of the foreclosure and sale and by wrongfully paying money to YRH Owners that was not due and owing.
The plaintiff argues in support of his motion for a preliminary injunction that the status quo should be preserved pending a determination of the underlying claim of breach of warranty of habitability.
A preliminary injunction may be granted when the party seeking such relief demonstrates (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of equities tipping in the moving party’s favor (Grant Co. v Srogi, 52 NY2d 496, 517).
*491 The plaintiff in this case can succeed on the merits of his claim only if he can show that by paying the maintenance arrears Merrill Lynch breached the recognition agreement signed between YRH Owners and Merrill Lynch. On the papers before the court, the plaintiff has not demonstrated a probability of success on this claim. The recognition agreement clearly gives to Merrill Lynch the right to pay the maintenance. Since the apartment constitutes security for Merrill Lynch’s substantial loan to plaintiff ($500,000), Merrill Lynch has a serious interest in preventing the lease from being canceled and the stock sold. Plaintiff argues that he has a right to withhold maintenance because YRH Owners has breached the warranty of habitability. The dispute between plaintiff and YRH Owners is not Merrill Lynch’s concern and, under the terms of the recognition agreement, Merrill Lynch is not obliged to place its security in peril, or even to involve it in litigation, in order that plaintiff may be able to oppose YRH Owners with the maximum of weapons. Thus, the first prong of the test for preliminary injunctive relief — likelihood of success on the merits — is not satisfied.
In addition, the plaintiff has not demonstrated that he will suffer irreparable harm or that a balancing of the equities tips in his favor. Whatever may be a cooperative tenant’s right to withhold maintenance in the ordinary case, in this case plaintiff’s rights are affected by his relationship with Merrill Lynch and irreparability of harm and the balance of the equities must be considered in light of this fact. The plaintiff can avoid losing his home simply by paying the maintenance arrears. The payment of the arrears will not affect plaintiff’s ability to obtain a resolution of his breach of warranty of habitability claim and, should plaintiff succeed, YRH Owners can always be required to reimburse him with interest or deduct amounts from the monthly maintenance bills. Accordingly, the motion for a preliminary injunction is denied.
As for the cross motion, plaintiff asserts that he served an attorney in Merrill Lynch’s office of General Counsel who had agreed to accept service. Merrill Lynch does not challenge this assertion or the argument that service is therefore valid. The cross motion must be denied.
Accordingly, the motion and cross motion are denied.
Since plaintiff has indicated his willingness to pay all future maintenance to YRH Owners and to make all payments on the loan in timely fashion, the warfare to date has had to do *492 with some $29,000 in arrears. It appears to this court that it would be more productive for both plaintiff and YRH Owners to concentrate on the warranty dispute. I believe that only a brief period of discovery is required here. The parties are therefore directed to consult with one another and work out a schedule for all desired discovery, which shall be completed by April 30, 1994. If the parties are unable to agree, counsel for plaintiff shall contact the Part as soon as possible to obtain a date for a scheduling conference.